The STATE of Ohio, Appellee,

v.

BRADFORD, Appellant.

[Cite as *State v. Bradford,* 149 Ohio App.3d 586, 2002-Ohio-5508.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2002–04–085.

Decided Oct. 14, 2002.

Robin N. Piper, Butler County Prosecuting Attorney, and Daniel G. Eichel, Assistant Prosecuting Attorney, for appellee.

Richard R. Bradford II, pro se.

VALEN, Judge.

{¶ 1}   Defendant-appellant, Richard R. Bradford II, appeals from the denial of his motion requesting additional jail time credit to his felony sentence.

{¶ 2}   Appellant was charged with the October 14, 1999 robbery of a Butler County business.   On February 15, 2000, appellant was sentenced on five unrelated felony counts and ordered to serve six months in a community-based correctional facility in neighboring Warren County.   While serving this sentence, appellant pleaded guilty to the robbery charge and on August 4, 2000, received a sentence of three years in prison and was credited a total of 60 days for time spent in the Butler County Jail awaiting disposition of the robbery charge.[1]

{¶ 3}   In a February 20, 2002 motion, appellant requested an additional 193 days' credit toward his robbery sentence for time spent in the Warren County Community Corrections Center.   The trial court denied appellant's motion, finding that appellant was not incarcerated in the community corrections center on his pending robbery charge and had already received the proper jail time credit of 60 days.

{¶ 4}   In a single assignment of error, appellant claims that the trial court erred in denying his request for additional jail time credit.

{¶ 5}   The issue to be decided is whether appellant is entitled to jail time credit for time spent in a community-based correctional facility on unrelated charges.   We find that appellant is not entitled to the requested credit and that the trial court acted correctly in denying the requested relief.

{¶ 6}   R.C. 2967.191 provides that an individual's prison term shall be reduced "by the total number of days that the prisoner was confined for any reason

---

1.   Appellant did directly appeal his robbery conviction and sentence.

*arising out of the offense for which the prisoner was convicted and sentenced* * * *." (Emphasis added.)

{¶ 7} It is well settled that time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191. See *State v. Napier* (2001), 93 Ohio St.3d 646, 758 N.E.2d 1127. See, also, *In re Price*, Butler App. Nos. CA2001–02–035 and CA2001–04–085, 2002-Ohio-1345, 2002 WL 449455, at ¶ 46. However, appellant is not entitled to the requested credit, because the time he spent in a community-based corrections facility was for an unrelated offense. Appellant was granted a credit of 60 days for the time he was incarcerated while awaiting disposition of his robbery charge. Aside from that, appellant is entitled to no additional credit, since he was confined in Warren County on unrelated charges and was not being held solely on the robbery offense for which he was convicted and sentenced. R.C. 2967.191.

{¶ 8} Accordingly, appellant's assignment of error is hereby overruled.

Judgment affirmed.

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.