DECISION.
{¶ 1} The state has appealed the sentence imposed upon defendant-appellee Tyrone Washington. It argues that the trial court improperly awarded Washington jail-time credit. We agree. And our review of the record reveals additional errors in the imposition of sentence. Accordingly, we must partially vacate Washington's sentence and remand this cause for resentencing.
 Sentence Imposed {¶ 2} Washington was arrested on January 10, 2005, for trafficking in cocaine, a felony of the fifth degree, and possession of cocaine, a felony of the third degree. At the time he was arrested, Washington was on community control for unrelated offenses committed in the cases numbered B-0202311 and B-0400107. The offenses committed in these cases are wholly separate from the drug offenses in the present case and are not before this court for review.
 {¶ 3} Because of his arrests for trafficking and possession, the trial court revoked Washington's community control in the unrelated cases. On January 25, 2005, the trial court imposed a total of fifteen months' incarceration in the cases numbered B-0202311 and B-0400107.
 {¶ 4} On January 27, 2005, Washington was indicted for trafficking in and possession of cocaine. He pled guilty to both charges and was sentenced on June 6, 2005, by a different trial court than the court that had revoked his community control. The trial court imposed one year of incarceration for trafficking in cocaine and a consecutive term of six months' incarceration for possession of cocaine. These sentences were made concurrent with the sentences imposed in the cases numbered B-0202311 and B-0400107. The trial court additionally awarded Washington with 142 days of jail-time credit. It is from this award of credit that the state appeals.
 Improper Credit for Time Served {¶ 5} The trial court did not specify on the record how it calculated the credited days. The state's appellate brief indicates that Washington was credited for the days between January 10 and January 20, 2005, while the grand jury ignored his indictment, as well as for the days that he was incarcerated after being indicted but before sentence was imposed. We address whether Washington was entitled to jail-time credit for any of the days he that was incarcerated after being arrested on January 10, 2005, until sentence was imposed.
 {¶ 6} During the majority of the days for which Washington received credit, he was also incarcerated and serving the sentences imposed in the cases numbered B-0202311 and B-0400107 for the violation of his community control. The state argues that because Washington was not serving time for the offenses at hand, he was not entitled to credit for these days of incarceration. We agree.
 {¶ 7} R.C. 2967.191 provides that an offender is entitled to credit towards his sentence for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced."[1] But an offender is not entitled to credit "for any periods of incarceration which arose from facts separate and apart from those on which his current sentence is based."[2]
 {¶ 8} Washington's current sentence stemmed from, and was based upon, his trafficking in and possession of cocaine. But while the trafficking and possession were the facts that triggered his community-control violation, they were not the facts upon which his sentences in the cases numbered B-0202311 and B-0400107 were based. Accordingly, during the majority of the days for which he received jail-time credit, Washington was serving a sentence on offenses separate and apart from his current offenses. He should not have received credit for these days.
 {¶ 9} Our decision is supported by a statement from the Sixth Appellate District. The Sixth Appellate District has said that "after an arrest for a community-control violation, any days in confinement count only towards the sentence for the offense for which the community control violation was imposed."[3] We find this language persuasive.
 {¶ 10} Other appellate districts have addressed this issue and reached similar conclusions, including the Twelfth Appellate District in State v. Bradford.[4] Bradford was charged with robbery on October 14, 1999. On February 15, 2000, Bradford was sentenced on several unrelated offenses. While serving his sentence on these unrelated offenses, Bradford pled guilty to, and was sentenced for, the robbery.[5] Bradford requested jail-time credit on his robbery sentence for the days that he was incarcerated on the unrelated offenses. The Twelfth Appellate District denied credit for this time, as Bradford had been incarcerated during this period on unrelated offenses.[6]
 {¶ 11} And the Ninth Appellate District has recently reached a similar result in State v. Brooks.[7] In Brooks,
after the defendant was arrested and arraigned for numerous offenses, he was sentenced and served eight months' imprisonment for an unrelated probation violation.[8] Brooks was released after serving these eight months, but after pleading guilty to several of the offenses that he had been arraigned and indicted for, he was sentenced to five years' imprisonment, with 238 days of jail-time credit.[9] During all but three of these credited days, Brooks had been incarcerated for his probation violation. The Ninth Appellate District concluded that Brooks was not entitled to credit for the majority of these days. "It is undisputed that [Brooks] was confined for only three days on the instant offense prior to being incarcerated under a sentence on an unrelated offense. Accordingly, under R.C.2967.191, [Brooks] was not entitled to the remaining 235 days he served pursuant to the unrelated conviction."[10]
 {¶ 12} Similar to the defendant in Brooks, Washington was only incarcerated for approximately 16 days before he began serving his sentences in the cases numbered B-0202311 and B-0400107 on January 25, 2005. He was not entitled to jail-time credit for the days he was serving his sentence on these unrelated cases.[11]
 {¶ 13} But from January 10 until he was sentenced on January 25, Washington was incarcerated both in the instant case prior to trial and in the cases numbered B-0202311 and B-0400107. The record is silent as to whether Washington received credit for these days in his sentence for the cases numbered B-0202311 and B-0400107. If he was not previously credited for this group of days, he is entitled to such jail-time credit toward his sentence in this case. But if he has already been credited for these days, he is not entitled to double credit in this case. As the Tenth Appellate District has aptly stated, "[w]e do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the number of convictions entered against him."[12] The trial court must make this determination on remand.
 Washington's Sentence is Void {¶ 14} Our review of the record reveals additional errors associated with the imposition of sentence.
 {¶ 15} As we have stated, Washington pled guilty to possession of cocaine, a felony of the third degree, and received a sentence of six months' incarceration. But the available sentencing range for an offender convicted of a third-degree felony is one to five years' incarceration.[13]
Washington's sentence did not fall within this range. Therefore, it is void. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."[14] Washington must be resentenced for this offense.
 {¶ 16} The record indicates some confusion concerning the degree of the felonies that Washington pled guilty to. The indictment provided that the trafficking offense was a fifth-degree felony and the possession offense was a third-degree felony. The court's journal entry imposing sentence corresponded with the indictment and indicated that the trial court imposed one year of incarceration for the trafficking and six months' incarceration for the possession.
 {¶ 17} But at the sentencing hearing, the trial court stated, "[O]n Count One, for the offense of trafficking in cocaine, a felony of the third degree * * * I'll sentence you to one year in the Ohio Department of Corrections. On Count Two, possession of cocaine, a felony of the fifth degree, I'll sentence you to six months." The trial court orally imposed sentences within the available ranges, but in doing so confused and incorrectly stated the degree of the two offenses. These inconsistencies do not affect our determination. It is settled law that a court speaks only through its journal entry.[15] That is the sentence we review on appeal.
 {¶ 18} The trial court also made findings under R.C.2929.14(E) before ordering the sentences for trafficking in and possession of cocaine to be served consecutively. The Ohio Supreme Court recently determined that because R.C. 2929.14(E) requires "judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences," it is unconstitutional.[16] As a result, the court severed R.C.2929.14(E) from Ohio's sentencing scheme.[17] A trial court is no longer required to make findings and provide supporting reasons for the imposition of consecutive sentences.[18]
 {¶ 19} Because Washington was sentenced under this unconstitutional statute, we must additionally vacate this portion of his sentence and remand for resentencing.
 {¶ 20} In summary, we vacate Washington's sentence for possession of cocaine, the imposition of consecutive sentences, and the jail-time credit given by the trial court. We remand for resentencing with instructions that Washington not be credited for the days that he was incarcerated and serving his sentence, or for any days of pretrial confinement for which he was already credited, in the cases numbered B-0202311 and B-0400107.[19]
Sentence vacated in part and cause remanded.
Gorman, P.J., and Sundermann, J., concur.
[1] R.C. 2967.191.
[2] State v. Logan (1991), 71 Ohio App.3d 292, 300, 593.N.E.2d 395.
[3] State v. Mitchell, 6th Dist. Nos. L-05-1122 and L-05-1123, 2005-Ohio-6138, ¶ 8.
[4] State v. Bradford, 149 Ohio App.3d 586, 2002-Ohio-5508,778 N.E.2d 134.
[5] Id. at ¶ 2.
[6] Id. at ¶ 7.
[7] State v. Brooks, 9th Dist. No. 05CA008786,2006-Ohio-1485.
[8] Id. at ¶ 3.
[9] Id.
[10] Id. at ¶ 7.
[11] Although it is not cited by either party, we are aware of this court's decision in State v. Gregory (1995),108 Ohio App.3d 264, 670 N.E.2d 547. Similar to the case at hand,Gregory also involved both a probation-violation charge and a separate offense. But it is easily distinguishable, as Gregory was acquitted of the separate offense, whereas Washington was convicted of trafficking in and possession of cocaine.
[12] Pollock v. Ohio Adult Parole Auth., 10th Dist. No. 01AP-839, 2002-Ohio-1319.
[13] R.C. 2929.14(A)(3).
[14] State v. Beasley (1984), 14 Ohio St.3d 74, 75,471 N.E.2d 774.
[15] State v. Jackson (Oct. 9, 1985), 1st Dist. No. C-840842.
[16] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraph three of the syllabus.
[17] Id. at ¶ 99.
[18] Id. at paragraph four of the syllabus.
[19] Both this court and the state are cognizant that Washington has already completed his sentence. The state has indicated that it has no interest in re-incarcerating Washington. But we must nonetheless remand for the trial court to impose a lawful sentence.