[Cite as *State v. Haley*, 2013-Ohio-4531.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-10-212 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/14/2013 |
| - vs - | | |
| | : | |
| STEVEN J. HALEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-06-1023

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue, Suite 18, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Steven J. Haley, appeals from the Butler County Court of Common Pleas decision sentencing him to serve 12 months in prison for violating his community control obligations. For the reasons outlined below, we affirm.

{¶ 2} On September 26, 2007, the Butler County grand jury returned an indictment charging Haley with one count of receiving stolen property and one count of forgery, both

fifth-degree felonies. After entering into a plea agreement, Haley pled guilty to forgery and the receiving stolen property charge was merged. Following his guilty plea, the trial court then sentenced Haley to serve a two-year period of community control. The two-year community control sentence was to be served consecutive to his three-year prison term resulting from an unrelated burglary conviction. Haley did not appeal from his conviction or sentence.

{¶ 3} On November 8, 2010, the trial court was notified that Haley had allegedly violated his community control obligations by engaging in a physical altercation with another resident at the Community Correctional Center. After holding a hearing on the matter, the trial court found Haley in violation of his community control obligations and sentenced him to serve a three-year period of community control.

{¶ 4} On April 12, 2012, the trial court was once again notified that Haley had allegedly violated his community control obligations after being indicted on charges of child endangering and felony murder resulting from the death of James Smith, his fiancé's infant son. Haley was subsequently found guilty of the murder and sentenced to serve an indefinite term of 15 years to life in prison. This court recently affirmed Haley's felony murder conviction and resulting sentence in *State v. Haley*, 12th Dist. Butler No. CA2012-10-211, 2013-Ohio-4123.

{¶ 5} On October 25, 2012, the trial court found Haley had again violated the terms of his community control obligations as a result of his felony murder conviction. The trial court then sentenced Haley to the maximum 12 months in prison to be served consecutive to his indefinite term of 15 years to life resulting from his felony murder conviction. The trial court also determined Haley was entitled to 172 days of jail time credit. Haley now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY

SENTENCING HIM TO PRISON.

{¶ 7}    A trial court's decision revoking community control may only be reversed if the trial court abused its discretion.  *State v. Hughes*, 12th Dist. Warren No. CA2002-11-124, 2003-Ohio-3449, ¶ 7.  Whether an offender can remain on community control depends on compliance with the community control conditions and is a decision that rests "within the sound discretion of the court."  *State v. Wolpert*, 12th Dist. Butler No. CA2006-10-244, 2007-Ohio-4734, ¶ 10.  Haley does not appeal from the trial court's decision revoking his community control.  Instead, Haley argues the trial court erred by sentencing him to serve 12 months in prison after revoking his community control.  Haley also argues the trial court erred by finding he was only entitled to 172 days of jail time credit.  Finding no merit to either of Haley's claims, we affirm the trial court's decision.

{¶ 8}    As we recently stated in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences."  *Id.* at ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7; *see also State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶ 52.  Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, such as the case here, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."  However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 9}    Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised

Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 25; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 10} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *State v. Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 9; *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id*. Quite the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id*. Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id*.

{¶ 11} In this case, Haley argues the trial court lacked "a sufficient factual basis" upon which to impose a maximum 12-month prison term for violating his community control obligations. In support of this claim, Haley references the fact that he had only been to prison once, that his forgery conviction was "hardly the worst form of that offense" as it only involved "cashing a check for $200," and that his felony murder conviction was a "shaken-baby case" that was "neither pre-meditated or even intentional." Although not explicit, we find Haley's arguments are nothing more than a challenge to the trial court's decision as an abuse of discretion.

{¶ 12} However, and as previously noted, the General Assembly has specifically stated through the passage of R.C. 2953.08(G)(2) that this court's standard for review "is not

whether the sentencing court abused its discretion." As a result, we are not entitled to review the trial court's decision under the more lenient abuse of discretion standard. *See, e.g., Crawford*, 2013-Ohio-3315 at ¶ 17; *Pearce*, 2013-Ohio-3484 at ¶ 27; *see also A.H.*, 2013-Ohio-2525 at ¶ 15. Nevertheless, in the interest of justice and fairness, we will review the trial court's decision in accordance with the applicable standard as provided by R.C. 2953.08(G)(2).

{¶ 13} After a thorough review of the record, we find the trial court's decision to sentence Haley to the maximum 12-month prison term was supported by the record and otherwise not contrary to law. As the record clearly indicates, Haley's 12-month sentence was within the statutory range for a fifth-degree felony. *See State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 9. Moreover, the trial court explicitly notified Haley that he would be sentenced to the maximum 12-month prison term if he was found to have violated his community control obligations. As the trial court stated:

> Sir, if you violate the terms and conditions of your community control you'll be brought back before the Court, the Court could modify, extend, or terminate your community control. If terminated, the Court will sentence you to 12 months in the Ohio Department of Rehabilitation and Corrections.

{¶ 14} The trial court also properly imposed postrelease control and sentenced Haley only after specifically stating it had considered the circumstances of the case, the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors as found in R.C. 2929.12. The trial court also included this as part of its sentencing entry. Hayley's 12-month prison sentence, therefore, is not clearly and convincingly contrary to law. *See, e.g., State v. Gatliff*, 12th Dist. Clermont No. CA2012-06-045, 2013-Ohio-2862, ¶ 34; *State v. Bishop*, 12th Dist. Clermont No. CA2010-08-054, 2011-Ohio-3429, ¶ 16.

{¶ 15} Haley also argues the trial court erred by ordering his sentence to run

consecutive to his indefinite prison term of 15 years to life resulting from his felony murder conviction. Pursuant to R.C. 2929.14(C), in order to impose a consecutive sentence, the trial court must find: (1) that consecutive sentencing is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523, ¶ 21.

{¶ 16} The trial court is not required to give reasons explaining these findings, nor is the court required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Hubbard*, 10th Dist. Franklin No. 11AP-945, 2013-Ohio-2735, ¶ 86; *State v. Jones*, 8th Dist. Cuyahoga No. 99230, 2013-Ohio-3003, ¶ 7. However, it must be clear from the record that the trial court actually made the required statutory findings. *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, ¶ 45.

{¶ 17} In ordering Haley's 12-month prison sentence to run consecutive to his indefinite 15-year-to-life prison term, the trial court explicitly stated:

> The Court will find that consecutive terms are necessary to adequately protect the public and to punish the Defendant and

are not disproportionate. Will find that the Defendant committed crimes while on community control. Further, the Court will find that the Defendant's criminal history shows that consecutive terms are needed to protect the public.

The trial court later memorialized these findings within its sentencing entry.

{¶ 18} As can be seen, the record clearly establishes that the trial court properly complied with the dictates of R.C. 2929.14(C)(4) when imposing consecutive sentences. *See State v. Oren*, 12th Dist. Madison No. CA2012-05-010, 2013-Ohio-531, ¶ 22-31; *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 6-13. The trial court, therefore, did not err by imposing consecutive sentences in this matter.

{¶ 19} Finally, Haley argues the trial court erred in calculating his jail time credit. Specifically, Haley argues he was entitled to an additional 204 days of jail time credit "for the period he was held in jail on both his probation violation and the pending murder indictment[.]" We disagree.

{¶ 20} "The equal protection clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence." *State v. Reeves*, 10th Dist. Franklin No. 09AP-493, 2010-Ohio-4018, ¶ 23, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. The trial court makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. *State v. Rarden*, 12th Dist. Butler Nos. CA2008-08-185 to 187 and CA2008-08-189 to 191, 2009-Ohio-5637, ¶ 10, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. To that end, pursuant to R.C. 2967.191, a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]"

{¶ 21} "Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple

crimes committed at different times, or when the defendant is incarcerated due to a probation violation." *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 9. However, such as the case here, an offender is not entitled to jail time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based. *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10; *State v. Williams*, 126 Ohio App.3d 398, 399 (2d Dist.1998). "This means that there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 31; *see, e.g., State v. Bradford*, 149 Ohio App.3d 586, 2002-Ohio-5508, ¶ 7 (12th Dist.) (finding prisoner was not entitled to any additional jail time credit as he was confined on unrelated charges "and was not being held solely on the robbery offense for which he was convicted and sentenced").

**{¶ 22}** Moreover, it is undisputed Haley's 12-month prison sentence was ordered to run consecutive to his indefinite 15-year-to-life sentence imposed for his felony murder conviction. As noted by the Ohio Supreme Court in *Fugate*:

> When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.

*Id.*, 2008-Ohio-856 at ¶ 22.

**{¶ 23}** Due to the consecutive nature of his sentences, Haley was not entitled to an additional 204 days of jail time credit resulting from his community control violation. Instead, the additional jail time he served was properly credited to his indefinite 15-year-to-life prison sentence resulting from his felony murder conviction. In turn, contrary to Haley's claims otherwise, he was not denied any jail time credit for which he was entitled. The trial court, therefore, did not err in refusing to provide Haley with an additional 204 days of jail time

credit. Accordingly, having found no error in the trial court's sentencing decision, Haley's single assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.