[Cite as *State v. Gonzales*, 2017-Ohio-2720.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2016-A-0048** |
| - vs - | : | |
| ROBERTO LUIS GONZALES, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 280.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Marie Lane,* Ashtabula County Public Defender, Inc., 4817 State Road, Suite #202, Ashtabula, OH  44004-6927 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Roberto Luis Gonzalez, Jr., appeals his presentence jail-time credit.  He asserts that the trial court erred in not including pre-indictment confinement.  We reverse and remand.

{¶2}    As of January 2016, appellant lived in a residence in the City of Ashtabula, Ohio.  Over a two-week period, he was involved in a series of illegal drug sales to a

confidential informant. Thereafter, on February 5, 2016, local law enforcement executed a search warrant and found other illegal drugs in appellant's home. Appellant was immediately placed under arrest and incarcerated in the county jail.

{¶3} In 2013, appellant was convicted of drug trafficking and was placed on probation. Upon arrest, a probation violation holder was immediately issued for the 2013 case. Although the state did not file any new charges against appellant over the ensuing three months, he remained confined that entire time. In June 2016, appellant was found guilty of a probation violation in the 2013 case, and was sentenced to a thirty-month prison term.

{¶4} In relation to the 2016 events, the county grand jury ultimately issued a nine-count indictment on May 4, 2016. These charges included five counts of trafficking in illegal drugs or counterfeit controlled substances and four counts of possession of drugs. He ultimately pleaded guilty to three counts of aggravated trafficking in drugs and one count of aggravated possession of drugs. The remaining five counts were dismissed.

{¶5} On July 7, 2016, the trial court held a combined plea and sentencing hearing. After accepting appellant's guilty plea and finding him guilty of the four offenses, the trial court accepted the parties' joint recommendation, and sentenced appellant to an aggregate term of five years. During sentencing, defense counsel moved the court to award appellant jail-time credit for the entire eighty-nine days between the date of his arrest and the date he was indicted. Counsel argued that although no charges in the current case were pending against appellant during that time, he was nevertheless entitled to credit because the pending probation violation

stemmed from the same facts that ultimately formed the basis of the indictment.

{¶6} The trial court did not render a decision on counsel's credit motion during the hearing. Moreover, the trial court did not address the motion in its final sentencing judgment. Instead, the judgment sets forth an order awarding appellant fifty-nine days of jail-time credit, covering the limited period he was held in jail following service of the indictment. Thus, the court implicitly overruled the motion for additional credit.

{¶7} Consistent with the trial court's statement at the sentencing hearing, the final judgment ordered appellant to serve consecutive terms of thirty-six months and twenty-four months on two of the aggravated trafficking counts. As to the third count of aggravated trafficking and the sole count of aggravated possession, the court imposed sentences of twenty-four months and nine months, respectively, concurrent with each other and concurrent with the thirty-six month term on the first aggravated trafficking count. Finally, the trial court also ordered that the five-year term run concurrent with the sentence in appellant's 2013 case.

{¶8} In appealing his sentencing, appellant assigns the following as error:

{¶9} "The trial court erroneously calculated appellant's jail time credit."

{¶10} In asserting that the trial court erred in not granting him jail-time credit for the three-month period between his arrest and the service of the indictment, appellant contends that the fact that no charges were pending against him during that time frame is not controlling as to whether he is entitled to the credit. Instead, the controlling point is that the grounds for his continuing incarceration, i.e., the probation violation holder, was predicated upon the same facts that formed the basis of the four offenses to which he subsequently pleaded guilty. Appellant maintains that this factual connection

3

requires that he be given jail-time credit under the governing statutory provisions.

{¶11} As part of the sentencing process, a trial court is required to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i). Once the trial court makes the necessary calculation of credit, the "department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." R.C. 2967.191.

{¶12} Both of the foregoing provisions mandate that an offender's pre-conviction confinement does not reduce his stated prison term unless the confinement arose "out of" the offense for which he is ultimately convicted. Appellant contends that he is entitled to deduct the eighty-nine days from both his sentence in the 2013 trafficking/possession case and his five-year term in this case because the probation violation holder was based upon the 2016 offenses. In support, he cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.

{¶13} *Fugate* involved a situation in which the defendant was being held on both new charges in a pending criminal action and a community control violation from a previous case. *See also State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006. In this case, there is no dispute that, during the period from the date of appellant's arrest in February 2016 until the issuance of the indictment in May 2016, he was being held solely upon the probation violation holder in the 2013 case. As a result, *Fugate* has no application to the facts of this case. The outcome of our analysis turns

entirely upon the controlling language in R.C. 2967.191.

{¶14} "Under the plain terms of R.C. 2967.191, an offender is only entitled to credit for time spent incarcerated relating to the offense for which he is convicted." *State v. Ashley*, 11th Dist. Lake No. 2006-L-134, 2007-Ohio-690, ¶32.

{¶15} During the sentencing hearing, defense counsel stated that the probation violation in appellant's prior criminal case was predicated solely upon the fact that illegal drugs were found in his home when it was raided by the police. The prosecutor did not dispute this point. When appellant was subsequently indicted in this case, four of the nine counts were illegal possession charges that were also based upon the drugs found in the home.

{¶16} To be entitled to jail-time credit under R.C. 2967.191, it is only necessary that the pretrial confinement arise "out of the offense" for which the defendant is later convicted and sentenced. In this case, if the authorities had not found the illegal drugs in appellant's home, he would not have been incarcerated under the probation violation holder. Thus, given that appellant ultimately pleaded guilty to one count of aggravated drug possession, his incarceration clearly arose out of, or was based upon, the crime for which he now stands convicted.

{¶17} In reaching this conclusion, this court is aware that conflicting decisions, including one out of this court, have been rendered on this general issue. For example, in *State v. Olmstead*, 5th Dist. Richland No. 2007-CA-119, 2008-Ohio-5884, ¶19, the Fifth Appellate District stated: "Generally speaking, days served following arrest on a probation violation can only be credited toward the sentence on the original charge[,] i.e., the one for which he was sentenced to probation." Similarly, in *State v.*

*Washington*, 1st Dist. Hamilton Nos. C-050462 & B-0500722, 2006-Ohio-4790, the First Appellate District held that, even though the community control violation in the original criminal case was based upon the same facts as the new charges in the pending case, the defendant was not entitled to jail-time credit in the new case because the basis for his incarceration in the original case was actually the facts underlying the charges in that case. *See also State v. Moore*, 11th Dist. Ashtabula No. 2015-A-0069, 2016-Ohio-3510.

{¶18} However, the analyses in these prior decisions are unpersuasive because they are not consistent with the unambiguous language of R.C. 2967.191. Again, that statute only requires that the pretrial confinement arise from the offense for which the defendant is ultimately convicted. When a probation violation holder is predicated solely upon the facts that also formed the basis of the new offense against the defendant, the only conclusion is that the confinement arises out of that offense.

{¶19} Appellant is entitled to additional jail-time credit of eighty-nine days for the period he was confined upon the probation violation holder, since the reason for that confinement arose out of the drug possession offense for which he was convicted and sentenced in this case. Thus, his sole assignment of error has merit. The judgment of the Ashtabula County Court of Common Pleas is reversed, and the case is remanded for further proceedings consistent with this opinion.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

6

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

**{¶20}** I respectfully dissent and would affirm the decision of the court below.

**{¶21}** Gonzales seeks jail time credit for the period of time in which he was held in jail solely for violating the conditions of community control imposed in an unrelated case, *State v. Gonzales*, Ashtabula C.P. No. 2013 CR 356.

**{¶22}** The majority purports to rely upon "the unambiguous language of R.C. 2967.191" to reach a conclusion contrary to that of virtually every other court, including this one, to have considered the issue as well as the logic and rationale behind jail time credit.

**{¶23}** The statute in question provides that the stated prison term of a prisoner shall be reduced by "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191.

**{¶24}** Following the discovery of drugs at his residence, Gonzales was held in jail for violating the conditions of community control imposed in Case No. 2013 CR 356. This period of confinement arises out of Gonzales' prior convictions for Trafficking in and Possession of Heroin. This period of confinement was wholly unrelated to the charges in the present case. Stated otherwise, Gonzales would have been confined regardless of whether he was ever charged (or convicted or sentenced) for the present offenses. But for his prior convictions in Case No. 2013 CR 356, he would not have been held in jail during this period of time.

**{¶25}** This court has previously rejected the majority's position: "'R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense,'

7

and 'there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter.'" *State v. Moore*, 2016-Ohio-3510, 67 N.E.3d 68, ¶ 18 (11th Dist.), citing *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11; *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 18 ("Smith's contention that he should receive jail-time credit in the present case for time served in another case would essentially reward him for committing multiple crimes").

**{¶26}** Other courts have rejected the majority's position: "after an arrest for a community control violation, any days in confinement count only toward the sentence for the offense for which the community control violation was imposed." *State v. Mitchell*, 6th Dist. Lucas Nos. L-05-1122 and L-05-1123, 2005-Ohio-6138, ¶ 8; *State v. Washington*, 1st Dist. Hamilton Nos. C-050462 and B-0500722, 2006-Ohio-4790, ¶ 9; *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 9.

**{¶27}** Finally, the majority's position fails to serve the underlying purposes behind jail time credit. "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. "Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status * * *, courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." *Id.*

**{¶28}** In the present case, the time Gonzales spent in jail for the violation of community control does not arise out of the current offense because he would have

8

been confined regardless of whether the current charges were ever brought. Bail was not an option in the present circumstances:

> Generally speaking, days served following arrest on a probation violation can only be credited toward the sentence on the original charge–i.e., the one for which he was sentenced to probation. * * * A sentence for any offense committed after the offense on which the defendant's probation is based is not entitled to jail-time credit. * * * For example, a first offender is convicted of petty theft pursuant to a shoplifting incident. If the court sentences that defendant to six months in jail, and suspends the sentence in lieu of a period of one years probation, the defendant will go free. During the months that follow, if that same defendant is arrested for OVI, he will likely not be permitted to be released on bail because the jail will place a probation hold on the prisoner. Irrespective of the OVI charge, which would ordinarily allow the defendant to post bail and be released, under these circumstances, the defendant would have to be taken before the trial judge who sentenced him on the theft charge. Whatever time the defendant spent in jail between his arrest and the probation violation hearing could only be credited towards the sentence for the theft conviction.

*Chafin*, 2007-Ohio-1840, at ¶ 9.

{¶29} The majority's strained interpretation of the statutory language yields a result at odds with the statute's purpose. Despite acknowledging that "there is no dispute that, during the period from the date of [Gonzales'] arrest in February 2016 until

9

the issuance of that indictment in May 2016, he was being held solely upon the probation violation holder in the 2013 case," the majority concludes he is entitled to credit for that time against his current sentence. *Supra* at ¶ 13.

{¶30} Accordingly, I respectfully dissent and would affirm the decision of the trial court based on the controlling precedent of this court as well as the clear language and logic of R.C. 2967.191.