[Cite as *State v. Burrell*, 2026-Ohio-1958.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA00024 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 12-CR-127 |
| TYLER BURRELL, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 27, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** DAVE YOST, Ohio Attorney General, ANDREA K. BOYD, Special Prosecuting Attorney, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Tyler Burrell, appeals from the July 2, 2025, Judgment Entry of the Guernsey County Court of Common Pleas revoking his judicial release. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On December 27, 2012, the appellant entered a plea of guilty to two counts of Complicity to Commit Involuntary Manslaughter in violation of R.C. 2923.03 and 2903.04 and one count of Complicity to Commit Aggravated Robbery in violation of R.C. 2923.03 and 2911.01.

{¶3}   On February 26, 2013, the trial court imposed an aggregate prison sentence of fifteen years.

{¶4} On June 22, 2020, the trial court granted the appellant judicial release and placed him on five years of supervised community control sanctions.

{¶5} On October 28, 2021, the appellant was indicted in federal court for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. 846. The federal case involved a multi-defendant drug conspiracy. The appellant entered a plea of guilty and received a five-year federal prison sentence.

{¶6} On January 19, 2024, the State filed a motion to revoke the appellant's judicial release, alleging that the appellant's federal felony conviction violated the conditions of his judicial-release.

{¶7} On March 28, 2025, the trial court held a hearing on the State's motion. The appellant stipulated to his federal conviction. The trial court heard arguments from counsel, statements from family members of one of the victims, and information concerning the appellant's conduct while on judicial release.

{¶8} The appellant argued that revocation was not warranted because his role in the federal conspiracy was limited, he had made progress while on judicial release, and he had family and employment ties. He further argued that, if judicial release were revoked, he should receive jail-time credit for the time he spent in federal custody after the Guernsey County holder allegedly prevented him from moving from federal prison to a halfway house or other community placement.

{¶9} The State argued that the appellant committed a new felony offense while on judicial release from serious offenses involving the deaths of two victims. The State maintained that the federal conviction alone justified revocation and that the appellant was not entitled to jail-time credit in this case for time served on a separate federal sentence arising from separate criminal conduct.

{¶10} The trial court ordered a post-hearing briefing. On July 2, 2025, the trial court issued its judgment entry granting the State's motion to revoke judicial release. The trial court granted the State's motion to revoke judicial release. The trial court found that the State had met its burden of proving that the appellant violated the judicial-release orders by virtue of his federal felony conviction for conspiracy to distribute and possess with intent to distribute, in violation of 21 U.S.C. 846.

{¶11} The trial court further found that a sanction less than revocation and recommitment to the Ohio Department of Rehabilitation and Correction would not adequately punish the appellant or protect the public from future criminal violations. The trial court also concluded that a lesser sanction would demean the seriousness of the original offenses.

{¶12} The trial court revoked judicial release, reinstated the previously imposed sentence, and ordered the appellant to serve the balance of the aggregate fifteen-year sentence, less 132 days of local jail-time credit as of July 2, 2025.

{¶13} The appellant filed a timely notice of appeal and raised the following two assignments of error:

{¶14} "I. THE TRIAL COURT'S DECISION REVOKING BURRELL'S JUDICIAL RELEASE WAS AN ABUSE OF DISCRETION."

{¶15} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE BURRELL JAIL TIME CREDIT FOR THE DAYS HE SERVED IN FEDERAL CONFINEMENT."

## I.

{¶16} In his first assignment of error, the appellant argues the trial court abused its discretion when it revoked judicial release and ordered him to serve the balance of his original sentence. We disagree.

**STANDARD OF REVIEW**

{¶17} A trial court's decision to revoke judicial release is reviewed under an abuse-of-discretion standard. *State v. Arm*, 2014-Ohio-3771, ¶22 (3d Dist.). An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. *Id*.

**ANALYSIS**

{¶18} The appellant argues that, because he had only a limited role in a drug-trafficking conspiracy, the trial court abused its discretion by revoking his judicial release and imposing the remainder of his sentence. We are not persuaded.

{¶19} "[A] judicial-release-revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of judicial release beyond a reasonable doubt." *State v. Westrick*, 2011-Ohio-1169, ¶15 (3d Dist.).

{¶20} The appellant was on judicial release from an aggregate fifteen-year prison sentence imposed for his convictions of Complicity to Commit Involuntary Manslaughter in violation of R.C. 2923.03 and 2903.04 and one count of Complicity to Commit Aggravated Robbery in violation of R.C. 2923.03 and 2911.01.

{¶21} A trial court is authorized to revoke an offender's judicial release based on a finding that the new offense violated the conditions of his release. *State v. Hoy*, 2005-Ohio-1093, ¶30 (3d Dist.). While on judicial release, the appellant committed a new federal felony offense. The appellant stipulated to his federal conviction, which established probable cause that he violated the terms of judicial release. The trial court,

therefore, had competent evidence before it that the appellant violated a material condition of judicial release.

{¶22} The appellant argues that his involvement in the federal offense was limited and that, in other respects, his conduct on judicial release was positive. The trial court, however, was not required to find those considerations controlling. The violation was not a technical violation, a missed appointment, or a failure to report. It was a new federal felony conviction for conspiracy to distribute and possess with the intent to distribute controlled substances.

{¶23} The appellant also argues that the record does not contain the facts noted in the United States Court of Appeals for the Sixth Circuit's opinion, which the State cites in its brief. *United States v. Burrell*, No. 22-3951, 2024 U.S. App. LEXIS 1169, at *2-3 (6th Cir. Jan. 17, 2024). However, we do not need to resolve any conflict between the appellant's characterization and the description set forth by the federal appellate court. Even accepting the appellant's narrower characterization, he still pleaded guilty to a federal felony drug-conspiracy offense committed while he was on judicial release. The trial court's revocation decision did not depend on whether the appellant arranged one transaction or multiple transactions. The conviction itself established a serious violation.

{¶24} Nor does the appellant's claimed minor role render the trial court's decision unreasonable, arbitrary, or unconscionable. The federal sentencing court had the opportunity to consider the appellant's role in the federal offense. The trial court in this case was considering a different question: whether the appellant's conduct while on judicial release demonstrated that continued release remained appropriate in light of his original offenses, his supervision status, the new federal felony conviction, the need to protect the public, and the seriousness of the original crimes.

{¶25} The trial court made those findings. It concluded that a sanction less than completion of the full prison term would not adequately punish the appellant or protect the public from future criminal violations, and would demean the seriousness of the original offenses. Those findings are supported by the record. The appellant had been given the opportunity of judicial release from a lengthy sentence imposed for offenses involving the deaths of two victims. While on that release, he committed a new felony offense.

{¶26} Accordingly, we find the trial court's decision to revoke judicial release and impose the balance of the original sentence was not unreasonable, arbitrary, or unconscionable.

{¶27} The appellant's first assignment of error is overruled.

## II.

{¶28} In his second assignment of error, the appellant argues that the trial court erred by crediting the appellant with only 132 days of jail-time. We disagree.

### STANDARD OF REVIEW

{¶29} This Court reviews the trial court's determination as to the amount of jail-time credit under the "clearly and convincingly" contrary-to-law standard. *State v. Perkins*, 2019-Ohio-2288, ¶12 (11th Dist.); R.C. 2953.08(G)(2). It is the appellant's burden to establish that the trial court erred in its jail-time award. *State v. Haworth*, 2020-Ohio-1341, ¶29 (11th Dist.).

### ANALYSIS

{¶30} "Criminal defendants have a right to jail-time credit." *State v. Thompson*, 2015-Ohio-3882, ¶21 (8th Dist.). R.C. 2967.191(A) states:

(A) The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶31} However, time spent in confinement, either in prison or jail, for unrelated cases, or awaiting trial and sentencing on an unrelated case cannot be counted towards another case. *State v. Cupp*, 2018-Ohio-5211, ¶23.

{¶32} The appellant relies heavily upon *State v. Caccamo,* 2016-Ohio-3006 (11th Dist.) and *State v. Fugate*, 2008-Ohio-856. *State v. Fugate* involved concurrent sentences and the principle that jail-time credit must be applied equally to concurrent prison terms when the confinement relates to those cases. *State v. Caccamo* involved jail-time credit in the context of a holder related to another pending Ohio case. The case sub

judice is distinguished from *Fugate* and *Caccamo*. Here, the appellant completed his federal sentence before the Guernsey County trial court revoked judicial release and reimposed the state sentence. The federal and state sentences were not ordered to run concurrently. The appellant was not serving the Guernsey County prison sentence while he was serving the federal sentence.

**{¶33}** Therefore, the distinction is dispositive. Ohio law does not permit double credit for time served on an unrelated case. *See State. Cupp*, 2018-Ohio-5211, ¶23.The federal drug-conspiracy conviction was a separate offense, prosecuted in a separate sovereign's court, and resulted in a separate sentence. Although the federal conviction constituted the violation that triggered the State's motion to revoke judicial release, the federal confinement itself was imposed as punishment for the federal offense.

**{¶34}** The appellant further argues that confinement arising out of an Ohio holder may justify credit. He cites *State v. Gonzalez*, 2017-Ohio-2720 (11th Dist.) in support. Again, *Gonzalez* is distinguishable because it did not involve a defendant who was serving a prison sentence in a separate case and then sought to apply that time to a later sentence. The relevant inquiry remains whether the confinement arose out of the offense for which the defendant is being sentenced. Here, the appellant's federal prison confinement stemmed from his federal conviction.

**{¶35}** Accordingly, we find that the appellant has failed to establish that the trial court erred in its jail-time award, as the record reflects that the appellant was serving his federal sentence imposed for a conviction of a federal crime. His confinement did not arise out of the offense in this case.

**{¶36}** The appellant's second assignment of error is overruled.

## CONCLUSION

{¶37} Based upon the foregoing, the judgment of the Guernsey County Court of Common Pleas is hereby affirmed.

{¶38} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.