O'Donnell, J.
*208 {¶ 1} We accepted a certified conflict in this case and agreed to resolve the following question:
"[Is] a defendant entitled to jail time credit for presentence detention time when held on a bond if, during the same period of time, he is serving a sentence on an unrelated case?"
151 Ohio St.3d 1525, 2018-Ohio-557, 91 N.E.3d 756, quoting the court of appeals' December 1, 2017 entry.
{¶ 2} We also accepted the state's discretionary appeal, which sets forth the following proposition of law:
A defendant is not entitled to jail credit for pre-sentence detention time when held on bond on a case if, during the same period, the defendant is serving a jail sentence on a separate case.
{¶ 3} The certified-conflict matter and the state's discretionary appeal were consolidated for review. Id.
{¶ 4} We answer the conflict question in the negative-that a defendant is not entitled to jail-time credit for presentence detention time when held on bond if, during the same period of time, he is serving a sentence on an unrelated case-and we reverse the judgment of the court of appeals.
Facts and Procedural History
{¶ 5} On June 12, 2015, a complaint was filed against appellee, Adam R. Cupp, in the Chardon Municipal Court alleging one count of rape. Cupp posted a *209 $75,000 bond, and the matter was transferred to the Geauga County Common Pleas Court. *813 {¶ 6} On June 29, 2015, a grand jury indicted Cupp on felony counts of rape, in violation of R.C. 2907.02, kidnapping, in violation of R.C. 2905.01, endangering children, in violation of R.C. 2919.22, and gross sexual imposition, in violation of R.C. 2907.05. On August 7, 2015, Cupp pled not guilty to all counts and the court set a $400,000 bond. At that time, Cupp was incarcerated in the county jail in connection with a probation violation arising from an unrelated domestic-violence case.
{¶ 7} On June 17, 2016, Cupp pled guilty to attempted abduction and endangering children and signed a written plea agreement that stated that jail-time credit would be addressed at sentencing.
{¶ 8} At the September 22, 2016 sentencing hearing, defense counsel urged the court to give him credit from the time his bond was revoked in June 2016 (as a result of his guilty plea), even though he had been incarcerated on the probation violation until July 29, 2016. The state contended that instead, credit should be awarded from July 30, 2016, the day after the sentence for the probation violation ended. The trial court sentenced Cupp, agreed with the state, and awarded jail-time credit beginning at the completion of the sentence for the probation violation.
{¶ 9} Cupp appealed to the Eleventh District Court of Appeals, arguing entitlement to an award of jail-time credit from the time the court revoked his bond on the felony charges. The appellate court examined the language of R.C. 2967.191, the jail-time credit statute, and determined that its plain terms entitled Cupp to credit for the entire time he was incarcerated since his bail was revoked, regardless of the fact that he was already incarcerated for the probation violation.
{¶ 10} The state appealed and also filed a motion seeking to have the court of appeals certify that its judgment is in conflict with the First District's judgment in State v. Washington , 1st Dist. Hamilton Nos. C-050462 and B-0500722, 2006-Ohio-4790, 2006 WL 2640960 ; the Third District's judgment in State v. Maag, 3d Dist. Hancock No. 5-03-32, 2005-Ohio-3761, 2005 WL 1712898 ; the Ninth District's judgment in State v. Brooks , 9th Dist. Lorain No. 05CA008786, 2006-Ohio-1485, 2006 WL 786473 ; the Tenth District's judgment in State v. Smith , 71 Ohio App.3d 302, 593 N.E.2d 402 (10th Dist.1992) ; and the Twelfth District's judgment in State v. Bradford, 149 Ohio App.3d 586, 2002-Ohio-5508, 778 N.E.2d 134 (12th Dist.). The appellate court granted the motion, holding that its judgment is in conflict with the judgments in Washington , Brooks , and Smith.
{¶ 11} Subsequent to the appellate court's decision but prior to the time when the state filed its notice of appeal, Cupp died. Defense counsel filed a suggestion of death and served a copy on the state.
*210 Law and Analysis
{¶ 12} We recognize that the death of a criminal defendant during the pendency of an appeal moots the action and pursuant to the mootness doctrine, we do not decide moot cases. See Makley v. State, 128 Ohio St. 571, 192 N.E. 738 (1934) ; see also Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (dismissing petition for writ of certiorari when criminal defendant died after filing the petition).
{¶ 13} Although the state's discretionary appeal may abate because of Cupp's death, the legal issue certified to this court does not abate. This court has discretion to answer the certified-conflict question, and in this case we have chosen to do so.
{¶ 14} Significantly, this court knew at the time we accepted jurisdiction of the *814 state's appeal that Cupp had died. The state's memorandum in support of jurisdiction stated plainly that Cupp "died in prison." Indeed, the attorney for Cupp argued in his memorandum contra jurisdiction that "[t]his matter is now moot as Cupp has passed away." We nonetheless accepted the case, both taking in the discretionary appeal and recognizing the certified conflict. 151 Ohio St.3d 1526, 2018-Ohio-557, 91 N.E.3d 758 ; 151 Ohio St.3d 1525, 2018-Ohio-557, 91 N.E.3d 756. We ordered briefing and conducted oral argument.
{¶ 15} Cupp's death is not dispositive of this appeal, because there are two independent matters pending that have been consolidated-one, the state's discretionary appeal, and two, the conflict certified by the court of appeals.
{¶ 16} The jurisdiction of the Supreme Court of the State of Ohio is circumscribed by the Ohio Constitution. Article IV, Section 3 (B)(4) specifies that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." Nothing in the Constitution suggests that our jurisdiction is affected by the death of any party to a matter that has been certified by an appellate court for resolution by the Supreme Court.
{¶ 17} Indeed, we have previously found that we may resolve a matter even if it is moot with respect to one of the parties when an issue of public or great general interest outlives the instant controversy. See, e.g., Franchise Developers, Inc. v. Cincinnati , 30 Ohio St.3d 28, 31, 505 N.E.2d 966 (1987). In Franchise Developers , a developer applied for and was denied a building permit for a theater it wanted to remodel for use as a restaurant, and it challenged the denial by city council, arguing the city development guidelines were unconstitutional. Id. at 29-30, 505 N.E.2d 966. We recognized that the case became "technically moot" when the building sought to be remodeled by the developer was obtained by the city and *211 transferred to another owner. Id. at 31, 505 N.E.2d 966. However, we exercised our discretion to reach the merits "under the standard that although a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." (Emphasis added.) Id. Because the city still had an interest in our determination whether its development guidelines were constitutional, in our discretion, we addressed the merits in that case.
{¶ 18} In this case, the state is in the same position as the city in Franchise Developers ; it has an interest in an answer to the certified-conflict question beyond the instant case. The matter involved in this appeal regarding an inmate's entitlement to jail-time credit is a significant statewide issue perplexing jurists, litigators, and litigants who are anxious for a resolution. As such, it involves an issue of public or great general interest that one of the parties here-the state-still has despite Cupp's death. Thus, we exercise our discretion and answer the certified-conflict question.
{¶ 19} The matter is not complicated. For decades, prior to what is now referred to as community control, trial courts regularly sentenced defendants to probation and, as a sanction for violating probation, imposed a period of incarceration. The sentence for a probation violation wholly related to the matter involving the predicate criminal conduct-separate and apart from *815 other consequences for illegal activities engaged in while on probation.
{¶ 20} In the instant matter, Cupp had been confined in county jail for violating probation arising out of a domestic violence case at the time the felony charges for rape, kidnapping, endangering children, and gross sexual imposition were filed against him, and he did not complete that probation-violation sentence until July 29, 2016.
{¶ 21} The appellate court rested its decision entirely on R.C. 2967.191. Citing State v. Ashley , 11th Dist. Lake No. 2006-L-134, 2007-Ohio-690, 2007 WL 509792, it recognized an offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted. It concluded that because the trial court increased Cupp's bond to $400,000 on August 7, 2015, jail-time credit should have begun at that time. It erred in this regard.
{¶ 22} The flaw in the appellate-court analysis is its reasoning that "because appellant did not post bond, he has been incarcerated related to the instant offense since August 7, 2015." But the facts here reflect that even if Cupp had posted bond, he could not have been released from incarceration, because his confinement did not arise at that time out of the felony offenses; rather, his confinement related to the probation violation regarding the domestic-violence charge. As Judge Rice correctly noted in her dissenting appellate-court opinion, *212 "There is no evidence in the record that the underlying felony offense provided any basis for appellant's probation violation in the municipal court."
{¶ 23} We are called upon here to apply the law as written. Former R.C. 2929.19(B)(2)(g)(i) (now R.C. 2929.19(B)(2)(f)(i), 2018 Am.Sub.S.B. No. 66) obligates the trial court to determine "the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced." Cupp became confined on the felony offense for which he was sentenced after his confinement on the probation violation terminated , i.e., on July 30, 2016, and if he had posted bond, he could have been released at that time. Prior to that date, however, his confinement related to the probation violation arising from the domestic-violence-related conviction in the municipal court. Thus, the trial court calculated jail-time credit from July 30 and correctly awarded Cupp 58 days of jail-time credit.
Conclusion
{¶ 24} A defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case. Accordingly, we answer the certified-conflict question in the negative and reverse the judgment of the court of appeals. Because the defendant is deceased, remand is not necessary.
Judgment reversed.
O'Connor, C.J., concurs.
Fischer and DeGenaro, JJ., concur in syllabus and judgment only.
Kennedy, J., dissents, with an opinion.
French, J., dissents, with an opinion.
DeWine, J., dissents, with an opinion.