[Cite as *State v. Brown*, 2021-Ohio-997.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-08-082 |
| Appellee, | : | O P I N I O N<br>3/29/2021 |
| | : | |
| - vs - | : | |
| | : | |
| DENNIS D. BROWN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-01-0057

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for appellant

**M. POWELL, P.J.**

{¶ 1}  Appellant, Dennis Brown, appeals a decision of the Butler County Court of Common Pleas denying his motion for additional jail-time credit.

{¶ 2}  In April 2018, appellant was sentenced to three years of community control for attempted improper handling of a firearm in a motor vehicle in Case No. CR2017-06-

1004 (the "CCV Case").[1] On November 8, 2018, the probation department filed a notice of community control violation, alleging that appellant had failed to report to his probation officer. A capias was issued for appellant's arrest.

{¶ 3} On December 23, 2018, appellant was arrested and charged with several felony and misdemeanor offenses in the Butler County Area III Court. As a result of these offenses, appellant was later indicted, inter alia, on one felony count of failure to comply with an order or signal of a police officer in Case No. CR2019-01-0057 (the "Felony Case"). The capias issued for appellant's arrest in the CCV Case was also served upon appellant on December 23, 2018.

{¶ 4} Appellant was held in jail in both the CCV Case and Felony Case from December 23, 2018. On December 26, 2018, appellant was granted an OR bond in the Felony Case on three felony charges. On January 8, 2019, appellant was granted an OR bond in the Felony Case on the same three felony charges as well as a felony charge of having weapons while under disability. Appellant remained incarcerated in jail until March 11, 2019, when he was granted an OR bond in the CCV Case.

{¶ 5} While appellant was held in jail, the probation department filed a second notice of community control violation in the CCV Case on January 2, 2019. The notice alleged that appellant had violated his community control by being arrested and charged with the various offenses in the Felony Case, failing to report to his probation officer since September 2018, and failing to engage in a court-ordered program. On January 3, 2019, a magistrate found probable cause for the community control violations and ordered that appellant remain in custody for his community control violations. As stated above, appellant

---

1. When appellant was sentenced to community control in the CCV Case, he was incorrectly granted six days of jail-time credit. Supplemental judgment entries filed on December 11, 2019, and March 25, 2020, corrected the miscalculation and stated appellant was entitled to 17 days of jail-time credit in the CCV Case, should his community control be revoked and a prison sentence imposed.

was released from jail on March 11, 2019, when he was granted an OR bond in the CCV Case.

{¶ 6}  Appellant subsequently pled guilty to failure to comply with an order or signal of a police officer in the Felony Case.  On August 26, 2019, the trial court held a joint sentencing hearing on the Felony Case and CCV Case.  The trial court revoked appellant's community control and sentenced him to 12 months in prison in the CCV Case, sentenced him to 24 months in prison in the Felony Case, and ordered that the sentences be served concurrently.  The trial court determined that appellant was entitled to four days of jail-time credit in the Felony Case and 86 days of jail-time credit in the CCV Case.

{¶ 7}  The following year, appellant, acting pro se, twice moved the trial court for additional jail-time credit in the Felony Case.  In May 2020, appellant, by and through counsel, filed a third motion for jail-time credit, arguing he was entitled to an additional 76 days jail-time credit in the Felony Case for the time he was held in jail between December 26, 2018, and March 11, 2019.

{¶ 8}  On July 21, 2020, the trial court denied the motion.  The trial court found that appellant was not entitled to additional jail-time credit in the Felony Case because he was not held in jail in that case after December 26, 2018: "The area court had released Defendant on his own recognizance and, but for the [community control] violation capias issued November, 2018, [Defendant] would not have been in the Butler County Jail until March, 2019.  Therefore, Defendant is not entitled to jail time credit on a case for which he was out on an OR bond."  The trial court further found that even if appellant was held on an unposted cash or surety bond in the Felony Case after December 26, 2018, he was nevertheless not entitled to additional jail-time credit in that case because "he was being held without bond on the pending [community control] violation under [the CCV Case] until March 11, 2019.  Therefore, under that scenario, [he] could not have been released from

incarceration because of the pending [community control] violation."

{¶ 9} Appellant now appeals, raising one assignment of error:

{¶ 10} THE TRIAL COURT ERRED BY REFUSING TO APPLY 76 DAYS OF JAILTIME CREDIT TO THE 2019 FAILURE-TO-COMPLY TERM.

{¶ 11} Appellant argues that the trial court erred in failing to grant him an additional 76 days jail-time credit in the Felony Case for the time he was held in jail between December 26, 2018, and March 11, 2019. Appellant asserts he is entitled to the additional jail-time credit in the Felony Case because the trial court ordered that his prison terms in the Felony Case and CCV Case be served concurrently, he was held in jail during these 76 days while both cases pended, and the reason he was held in jail until March 2019 in the CCV Case was his failure-to-comply charge in the Felony Case "according to the probation department and magistrate's entry." In support of his argument, appellant cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856.

{¶ 12} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence. *Fugate* at ¶ 7. Although the department of rehabilitation and correction "has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. "This information is required to be included within the sentence and entry." *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4. "A trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

- 4 -

{¶ 13} R.C. 2967.191(A) provides that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"

{¶ 14} In *Fugate*, the defendant was charged and convicted of theft and burglary while he was on community control for a prior, unrelated offense. After the defendant was arrested on the new charges and placed in jail, the probation department moved to revoke his community control. At a joint sentencing hearing, the trial court revoked the defendant's community control in light of the new charges and imposed concurrent sentences for his burglary, theft, and community control violation convictions. The defendant was granted jail-time credit toward his community-control-violation sentence only. *Fugate*, 2008-Ohio-856 at ¶ 2-4. The Ohio Supreme Court found that the defendant should have been given jail-time credit for each of his concurrent sentences. *Id.* at ¶ 22.

{¶ 15} Specifically, the supreme court found that "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *Id.* at ¶ 12. "If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be * * * to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence[.]" *Id.* Thus, "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.* at ¶ 22.

{¶ 16} Under the plain terms of R.C. 2967.191, an offender is only entitled to jail-time credit for time spent incarcerated relating to the offense for which he is sentenced. *See*

*State v. Ashley*, 11th Dist. Lake No. 2006-L-134, 2007-Ohio-690. Stated differently, "the only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence. Unrelated jail time may not be counted towards unrelated sentences." *State v. Corpening*, 11th Dist. Ashtabula Nos. 2018-A-0094 and 2018-A-0095, 2019-Ohio-4833, ¶ 26. *See also State v. Cupp,* 156 Ohio St.3d 207, 2018-Ohio-5211 (an offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted).

{¶ 17} Jail-time credit was applied toward each of appellant's concurrent prison terms as he was granted 86 days jail-time credit in the CCV Case and 4 days jail-time credit in the Felony Case. The record shows that appellant was held in jail simultaneously in the CCV Case and Felony Case from December 23, 2018, the day he was arrested in the Felony Case and a capias was served upon him in the CCV Case, until January 8, 2019, when he was granted an OR bond on all four felony offenses in the Felony Case. While appellant remained incarcerated after January 8, 2019, it does not entitle him to additional jail-time credit in the Felony Case for the days he was held in jail until his March 11, 2019 release. That is because after appellant was granted an OR bond in the Felony Case on January 8, 2019, he remained incarcerated in jail in the CCV Case until he was granted an OR bond in that case on March 11, 2019. Were it not for the capias issued in November 2018 in the CCV Case, appellant would have been released from jail in the Felony Case on January 8, 2019. Thus, from January 8, 2019, to March 11, 2019, his confinement did not arise at that time out of the offenses in the Felony Case; rather, his confinement related solely to his community control violations in the CCV Case. Accordingly, appellant remained incarcerated after January 8, 2019, exclusively on the community control violations in the CCV Case, and he was not entitled to jail-time credit in the Felony Case for the days he remained in jail between January 8, 2019, and March 11, 2019.

{¶ 18} We find that our holding is supported by Ohio Adm.Code 5120-2-04(F), a provision the Ohio Supreme Court found most relevant to the issue before it in *Fugate*. *Fugate*, 2008-Ohio-856 at ¶ 9. "The Ohio Administrative Code provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term, taking the credit into account." *Id.* Ohio Adm.Code 5120-2-04(F) states that "[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the number of days confined for that offense." In other words, when an offender is sentenced to *concurrent* prison terms, Ohio Adm.Code 5120-2-04(F) instructs the adult parole authority to reduce *each* sentence for the number of days *confined for that offense*.

{¶ 19} Appellant nevertheless asserts he is entitled to additional jail-time credit in the Felony Case because the reason he was held in jail until March 2019 in the CCV Case arose out of his failure-to-comply charge in the Felony Case "according to the probation department and magistrate's entry."

{¶ 20} Even assuming that the "reason appellant was held in jail in the CCV Case arose out of his failure-to-comply charge in the Felony Case," he was not entitled to additional jail-time credit in the Felony Case. It is well established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense. See *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760. Likewise, being held in jail on a community control violation for committing a crime solely relates to that condition of one's community control sanctions and not to the original underlying offense, and thus does not implicate R.C. 2967.191. While appellant was alleged to have violated his community control based in part upon the charges in the Felony Case, appellant's confinement in the CCV Case solely related to that condition of his community control that required him to refrain from committing

crimes and not to the Felony Case. "The sentence for a probation violation [now referred to as community control] wholly related to the matter involving the predicate criminal conduct-separate and apart from other consequences for illegal activities engaged in while on probation." *Cupp*, 2018-Ohio-5211 at ¶ 19.

{¶ 21} Furthermore, contrary to appellant's assertion, his failure-to-comply charge in the Felony Case was not the *sole* reason he was held in jail until March 2019 in the CCV Case. The record shows that the department of probation filed its first notice of community control violation for failure to report *before* appellant was placed in jail in December 2018. Subsequently, the department of probation filed its second notice, alleging appellant had violated his community control by failing to report, failing to engage in a court-ordered program, and being charged with various offenses in the Felony Case. The magistrate found probable cause for three community control violations and ordered that appellant remain in custody for the community control violations. Clearly, all but one of appellant's community control violations had nothing to do with the Felony Case or the failure to comply offense for which he was sentenced in the Felony Case. Thus, R.C. 2967.191 does not mandate that appellant receive jail-time credit in the Felony Case for the time he was held in jail solely on the CCV Case.

{¶ 22} In light of the foregoing, we find that the trial court did not err in failing to grant appellant an additional 76 days jail-time credit in the Felony Case for the time he was held in jail between December 26, 2018, and March 11, 2019.

{¶ 23} In sentencing appellant to 24 months in prison in the Felony Case, the trial court granted him four days jail-time credit for the time he was held in jail between December 23, 2018, the day he was arrested and put in jail in the Felony Case, and December 26, 2018, the day he was granted an OR bond for some of the felony offenses in the Felony Case. However, the record shows that it was not until January 8, 2019, that

appellant was granted an OR bond on all of the felony offenses in the Felony Case, at which point he would have been released were it not for the CCV Case. In its brief, the state acknowledges that appellant was incarcerated in the Felony Case from December 23, 2018, to January 8, 2019, and that he is therefore entitled to additional jail-time credit for the period between December 26, 2018, and January 8, 2019. We therefore find that in addition to the four days jail-time credit the trial court already granted appellant for the period from December 23, 2018, to December 26, 2018, appellant is entitled to an additional 13 days jail-time credit for the period between December 26, 2018, and January 8, 2019.

{¶ 24} Appellant's assignment of error is overruled in part and sustained in part.

{¶ 25} The trial court's judgment is reversed and this case is remanded for the limited purpose of amending the August 27, 2019 judgment of conviction entry to reflect the 17 days appellant was held in in the Butler County Jail in the Felony Case from December 23, 2018, to January 8, 2019. *See Rankin*, 2003-Ohio-2061; *State v. White*, 12th Dist. Clermont Nos. CA2015-12-102 and CA2015-12-103, 2016-Ohio-5878. In all other respects, the trial court's judgment is affirmed.

HENDRICKSON and BYRNE, JJ., concur.