[Cite as *State v. Smith*, 2022-Ohio-564.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Appellee,                                 :          CASE NO. CA2021-07-085

    - vs -                                        :          O P I N I O N
                                                              2/28/2022
                                                  :

DEREK SMITH,                                      :

    Appellant.                                :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR-2019-07-1071


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.


**S. POWELL, J.**

{¶ 1} Appellant, Derek Smith, appeals the decision of the Butler County Court of Common Pleas awarding him 148 days of jail-time credit rather than 230 days of jail-time credit after he pled guilty and was convicted of one count of improperly handling a firearm in a motor vehicle. For the reasons outlined below, we reverse the common pleas court's

decision and remand this matter for the limited purpose of issuing a nunc pro tunc sentencing entry that properly reflects the amount of jail-time credit Smith was entitled to receive; 230 days of jail-time credit rather than 148 days of jail-time credit, a difference of 82 days.

{¶ 2} On June 30, 2019, Smith was arrested and held in the Butler County Jail on charges of having a weapon while under disability, improperly handing a firearm in a motor vehicle, carrying a concealed weapon, receiving stolen property, obstructing official business, and disorderly conduct. The following day, on July 1, 2019, Smith was arraigned in the Butler County Area II Court and bond was set at $10,000. The record is devoid of any evidence to indicate Smith posted the $10,000 bond.

{¶ 3} On July 3, 2019, the Area II Court held a preliminary hearing and bound the charges over to the Butler County Court of Common Pleas for consideration by the Butler County Grand Jury.

{¶ 4} On July 31, 2019, the Butler County Grand Jury returned an indictment charging Smith with single counts of improperly handling a firearm in a motor vehicle, carrying a concealed weapon, obstructing official business, and disorderly conduct. Smith was subsequently arraigned in the common pleas court on August 5, 2019. Smith's bond was thereafter reduced from $10,000 to $5,000. Just like with the $10,000 bond, the record is devoid of any evidence to indicate Smith posted the $5,000 bond.

{¶ 5} On September 23, 2019, Smith pled guilty to one count of improperly handling a firearm in a motor vehicle in exchange for the other three charges against him being dismissed. After Smith entered his guilty plea, the common pleas court scheduled the matter for a sentencing hearing to take place on October 28, 2019. The common pleas court also amended the $5,000 bond to an OR, personal recognizance bond. The record indicates Smith posted the OR bond later that day.

{¶ 6}   On October 28, 2019, the common pleas court sentenced Smith to a five-year community control term.  The conditions of Smith's community control required Smith to serve 30 days in the Butler County Jail.  The conditions of Smith's community control also required Smith to take corrective thinking classes, to be subject to drug and alcohol usage monitoring, and to obtain and maintain full-time employment, among others.  The common pleas court further notified Smith that, as of that date, he had accrued 86 days of jail-time credit.  This notice was later included in the common pleas court's October 29, 2019 sentencing entry.

{¶ 7}   On February 11, 2020, a notice was filed with the common pleas court alleging Smith had violated the conditions of his community control by failing to report to his probation officer as ordered.  The notice also alleged Smith had violated the conditions of his community control by being unsuccessfully terminated from his drug and alcohol treatment program and for failing to obtain and maintain full-time employment.  The notice further stated that Smith was at that time being held in custody at the Butler County Jail.

{¶ 8}   On February 14, 2020, a common pleas court magistrate issued an entry finding there was probable cause to believe Smith had violated the conditions of his community control as alleged in the February 11, 2020 notice.  Ten days later, on February 24, 2020, the common pleas court provided Smith with another OR, personal recognizance bond.  Smith posted the OR bond later that day.

{¶ 9}   On April 6, 2020, the common pleas court held a hearing and determined that Smith had violated the conditions of his community control as alleged in the February 11, 2020 notice.  However, instead of revoking Smith's community control, the common pleas court placed Smith on GPS monitored house arrest for 30 days.  The common pleas court also ordered Smith to successfully complete an intensive out-patient program at Sojourner Recovery Services.

{¶ 10} On September 25, 2020, a notice was filed with the common pleas court alleging Smith had violated the conditions of his community control because of him being arrested and charged with single counts of trafficking in drugs and driving under suspension. Just like the previous notice filed on February 11, 2020, this notice also stated that Smith was at that time being held in custody at the Butler County Jail.

{¶ 11} On September 30, 2020, a common pleas court magistrate issued an entry finding there was probable cause to believe Smith had violated the conditions of his community control as alleged in the September 25, 2020 notice. Shortly thereafter, on October 8, 2020, Smith moved the common pleas court to provide him with yet another OR, personal recognizance bond. The common pleas court granted Smith's motion on October 12, 2020. Smith posted the OR bond later that day.

{¶ 12} On December 8, 2020, a motion was filed with the common pleas court requesting Smith's OR bond be revoked because of Smith being arrested and charged with single counts of failing to comply with a police officer, obstructing official business, resisting arrest, and having an open container in a motor vehicle. The common pleas court granted the motion that same day and ordered Smith be remanded into the custody of the Butler County Jail. Three days later, on December 11, 2020, a notice was filed with the common pleas court alleging Smith had violated the conditions of his community control based on him being arrested and charged with the four above named offenses.

{¶ 13} On March 29, 2021, the common pleas court held a hearing and determined that Smith had violated the conditions of his community control for a second time. Upon making this determination, the common pleas court revoked Smith's community control and sentenced him to 18 months in prison, less 148 days of jail-time credit.

{¶ 14} On June 4, 2021, Smith moved the common pleas court to recalculate its award of jail-time credit to include the days "that were not credited from prior to the original

disposition of the case." The common pleas court denied Smith's motion in an entry filed on July 19, 2021. Smith now appeals the common pleas court's decision, raising the following single assignment of error.

{¶ 15} THE TRIAL COURT'S DECISION TO GIVE 148 DAYS OF JAIL TIME CREDIT FOR TIME SERVED WAS CONTRARY TO LAW.

{¶ 16} In support of his single assignment of error, Smith argues the common pleas court erred by awarding him with 148 days of jail-time credit rather than 230 days of jail-time credit, a difference of 82 days. We agree.

{¶ 17} "The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence." *State v. Dobbins*, 12th Dist. Butler Nos. CA2019-04-061 thru CA2019-04-063, 2020-Ohio-726, ¶ 18, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. This principle is codified in R.C. 2967.191(A). *State v. McClellan*, 12th Dist. Preble No. CA2018-10-014, 2019-Ohio-5034, ¶ 13. Pursuant to that statute, the department of rehabilitation and correction must reduce the stated prison term of a prisoner "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced," including confinement in lieu of bail while the prisoner awaited trial.

{¶ 18} However, "[a]lthough the department of rehabilitation and correction 'has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence.'" *State v. Brown*, 12th Dist. Butler No. CA2020-08-082, 2021-Ohio-997, ¶ 12, quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. "A trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error." *State*

*v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

{¶ 19} As noted above, to support his single assignment of error, Smith argues the common pleas court erred by awarding him 148 days of jail-time credit rather than 230 days of jail-time credit. The state concedes, and we agree, that based on the record properly before this court the common pleas court erred by awarding Smith with only 148 days of jail-time credit when it should have instead awarded 230 days of jail-time credit, a difference of 82 days. We reach this decision based on the following calculation:

> 1. 86 days between June 30, 2019, the date of Smith's arrest, and September 23, 2019, the date Smith entered his guilty plea and was released on an OR bond, as confirmed by the common pleas court's October 29, 2019 sentencing entry;
>
> 2. 14 days between February 11, 2020, the date Smith was in custody at the Butler County Jail pursuant to the first notice alleging Smith had violated the conditions of his community control, and February 24, 2020, the date Smith was again released on an OR bond;
>
> 3. 18 days between September 25, 2020, the date Smith was in custody at the Butler County Jail pursuant to the second notice alleging Smith had violated the conditions of his community control, and October 12, 2020, the date Smith was once again released on an OR bond; and
>
> 4. 112 days between December 8, 2020, the date Smith was in custody at the Butler County Jail after his OR bond was revoked by the common pleas court, and March 29, 2021, the date the common pleas court revoked Smith's community control.

{¶ 20} When added together, this equates to a total of 230 days of jail-time credit that Smith was entitled to receive, not 148 days of jail-time credit as awarded by the common pleas court: (86 days + 14 days = 100 days) + (18 days + 112 days = 130 days) = 230 total days. The common pleas court, therefore, erred by awarding Smith 148 days of jail-time credit rather than 230 days of jail-time credit. Accordingly, because we find error with the common pleas court's calculation of the days of jail-time credit Smith was entitled to receive, Smith's single assignment of error is sustained and this matter is remanded to

the common pleas court for the limited purpose of issuing a nunc pro tunc sentencing entry that properly reflects the amount of jail-time credit Smith was entitled to receive; 230 days of jail-time credit rather than 148 days of jail-time credit, a difference of 82 days.

{¶ 21} Judgment reversed and remanded.

PIPER, P.J., and HENDRICKSON, J., concur.