[Cite as *State v. Burden*, 2022-Ohio-569.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-072 |
| | : | O P I N I O N |
| - vs - | | 2/28/2022 |
| | : | |
| CHRISTOPHER BURDEN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. CRA 1900175


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Johnna M. Shia, for appellant.



**S. POWELL, J.**

{¶1}   Appellant, Christopher Burden, appeals the decision of the Warren County Court of Common Pleas awarding him 86 days of jail-time credit after he pled guilty to failing to provide notice of his change of address.  For the reasons outlined below, we reverse the common pleas court's decision and remand this matter for further proceedings in accordance with this opinion.

{¶2}   On December 6, 2011, Burden was found guilty in the Warren County Court

of Common Pleas for one count of sexual battery and sentenced to serve several years in prison.[1] Due to his sexual battery conviction, Burden was also designated a Tier III sex offender. As a Tier III sex offender, Burden is required for life to register with the sheriff within three days of his arrival in the county in which he planned to live, temporarily stay, or work.

{¶3} On December 21, 2018, Burden was released from prison; specifically, the Chillicothe Correctional Institution located in Chillicothe, Ross County, Ohio. Upon his release, Burden was instructed to report to the Talbert House at Turtle Creek Center, a men's halfway house located in Lebanon, Warren County, Ohio. Burden, however, never reported to the Talbert House as instructed, nor did Burden register his change of address with the Warren County Sheriff's Office as he was required to do as a Tier III sex offender.

{¶4} On February 7, 2019, Detective Christopher Wong filed a complaint with the Lebanon Municipal Court charging Burden with failing to provide notice of his change of address in violation of R.C. 2950.04(E). Upon receiving Detective Wong's complaint, the municipal court issued a warrant for Burden's arrest to the Warren County Sheriff's Office. Burden was subsequently arrested on that warrant in Fayette County, Kentucky on November 18, 2019.

{¶5} Shortly after Burden's arrest, Attorney Richard Lawniczak, a staff attorney with the Kentucky Department of Public Advocacy, was appointed as Burden's counsel. Attorney Lawniczak began his representation of Burden in Fayette County, Kentucky Case No. 19-CR-03905. The record indicates that this case charged Burden with having an outstanding warrant from Ohio, thereby necessitating Burden being held in Kentucky while awaiting his extradition to Ohio. Once this case was initiated, the record indicates Burden

---

1. The exact prison sentence imposed on Burden resulting from his sexual battery conviction is not contained within the record.

waived an extradition hearing and the matter was scheduled for a 30-day review hearing on eleven separate occasions to determine if, and when, Burden would be extradited to Ohio.

{¶6}    Two other Kentucky cases against Burden arose while Burden was being held in Kentucky awaiting his extradition to Ohio.  The record indicates the first case arose on December 17, 2019 when Burden was charged in Fayette County, Kentucky Case No. 20-CR-00200 with single counts of assault in the second degree, strangulation in the second degree, and intimidating a participant in the legal process.  An offender search of the Kentucky Department of Corrections website indicates those three crimes occurred on August 7, 2019.[2]  The record indicates Burden was subsequently arraigned on those three charges sometime in April of 2020.

{¶7}    The second case, which the record indicates predated the complaint filed by Detective Wong in the Lebanon Municipal Court on February 7, 2019, charged Burden with one count of identity theft in Kenton County, Kentucky Case No. 17-CR-01351.  Burden ultimately pled guilty to that identity theft charge in March of 2020 and was sentenced to a two-year prison term.  However, on August 25, 2020, Burden's two-year prison sentence was commuted by the Governor of Kentucky, Andy Beshear, to depopulate the Kentucky prison system to counteract the spread of the COVID-19 virus.[3]

{¶8}    On November 18, 2020, Burden was convicted in the first case, Fayette County, Kentucky Case No. 20-CR-00200, for single counts of assault under extreme emotional disturbance, strangulation in the second degree, and attempted intimidation.  The

---

2. This information can be found at http://kool.corrections.ky.gov/KOOL/Details/491739 (last accessed February 17, 2022).

3. The executive order commuting Burden's two-year prison sentence can be found at https://governor.ky.gov/attachments/20200825_Executive-Order_2020-699_Commutations.pdf (last accessed February 9, 2022).

record indicates that this conviction resulted in Burden being sentenced to a three-year prison term. The record also indicates that Burden's three-year prison sentence was reduced by the amount of time Burden had already served on the two-year prison sentence he received in Kenton County, Kentucky Case No 17-CR-01351 prior to Kentucky Governor Beshear's commutation of that sentence on August 25, 2020.

{¶9} The record indicates that once Burden completed his three-year prison sentence in Fayette County, Kentucky Case No. 20-CR-00200 Burden was then extradited to Ohio. The record does not contain any evidence as to when Burden's extradition to Ohio actually occurred, or when Burden received notice that he would be extradited to Ohio, beyond the general, non-specific assertion that Burden was extradited to Ohio sometime "at the start of 2021."

{¶10} On January 22, 2021, the Lebanon Municipal Court recalled the previously issued February 7, 2019 warrant for Burden's arrest. The municipal court scheduled the matter for an arraignment hearing on January 25, 2021. At that arraignment hearing, the record indicates Burden was appointed counsel and Burden's bond was set at $25,000. The municipal court then scheduled the matter for a preliminary hearing.

{¶11} On February 1, 2021, Burden filed a notice waiving his right to a preliminary hearing. The record indicates the municipal court then reduced Burden's bond from $25,000 to $10,000 and transferred the matter to the Warren County Court of Common Pleas so that the case could be presented to the Warren County Grand Jury.

{¶12} On February 16, 2021, the Warren County Grand Jury issued an indictment charging Burden with one count of failing to provide notice of the change of his address in violation of R.C. 2950.05(F)(1), a third-degree felony in accordance with R.C. 2950.99(A)(1)(b)(ii). The charge also included an allegation that Burden had been "previously convicted of or plead guilty to, or previously has been adjudicated a delinquent

child for committing, a violation of a prohibition in section 2950.04, 2950.041, or 2950.06 of the Revised Code," which would trigger a mandatory minimum three-year prison sentence pursuant to R.C. 2950.99(A)(2)(b). The following day, on February 17, 2021, Burden appeared before the common pleas court and entered a plea of not guilty.

{¶13} On March 25, 2021, the common pleas court held a pretrial hearing on the matter. During this hearing, the common pleas court addressed Burden and confirmed with him that the state had extended a plea offer that would "strike the prior" in exchange his guilty plea "on a felony 3 to an agreed 30-month prison sentence." The common pleas court then addressed both parties to determine when the matter could be set for trial, ultimately deciding to schedule a one-day jury trial for April 19, 2021.

{¶14} During this discussion, Burden interjected and stated, "I have 456 days credit in right now today."[4] To this, the common pleas court stated, "On this charge?" Burden responded, "Yes, sir." The following exchange then occurred:

> THE COURT: [The prosecutor] is shaking his head no. We can look that up.
>
> [THE STATE]: He wasn't arrested on this – this charge until –
>
> THE COURT: Were you serving time –
>
> [THE STATE]: And he wasn't even –
>
> THE COURT: – on another charge?
>
> [THE STATE]: – indicted on this charge until February.
>
> THE COURT: Were you –
>
> THE DEFENDANT: I was indicted on this charge in February? I was – a holder was put on me in another county on this charge.
>
> THE COURT: Yeah, if you were serving time on another charge,

---

4. Based on this court's calculations, 456 days from March 25, 2021 is December 24, 2019. That date, December 24, 2019, is exactly one year after Burden was legally required to register his change of address with the Warren County Sheriff's Office given his status as a Tier III sex offender following his release from the Chillicothe Correctional Institution on December 21, 2018.

you do not get jail time credit on both charges. So if you were serving time on another charge, the time doesn't begin to run on this charge until that time ends. Does that make sense?

THE DEFENDANT: It does make sense.

THE COURT: Okay.

THE DEFENDANT: I mean, I don't – I don't know if that makes –

THE COURT: Again, this is – I really don't – I'm not here to negotiate with you. What I'm trying to do is – you – you decide what you want to do. Like I said, we've picked a trial date of April 19th and we can go forward that day or if you want to do a time waiver?

[DEFENSE COUNSEL]: Okay. Well, that's – do you want a trial?

(Off-the-record discussion between [defense counsel] and the Defendant.)

[DEFENSE COUNSEL]: Your Honor, my client has reaffirmed that he does want a trial.

THE COURT: Okay. That's fine. All right. So we will pencil that in for April the 19th. And we will begin that day at 8:30. I've discussed everything else.

{¶15} Following this exchange, the common pleas court received assurances from both parties that there were no other issues that needed to be addressed and the preliminary hearing was adjourned.

{¶16} On April 15, 2021, the common pleas court held a joint change of plea and sentencing hearing. During this hearing, Burden informed the common pleas court that he had decided to accept the state's plea offer as set forth above. Following the necessary Crim.R. 11 plea colloquy, the state provided the common pleas court with the following recitation of facts:

> Your Honor, if the case were to proceed to trial, the State would produce evidence beyond a reasonable doubt that the Defendant was convicted of sexual battery on December the 6th

of 2011 and designated a Tier III sexual offender that required him to report change of notice of address (sic) within three days of change of address.

He was released from Chillicothe Correctional Facility on December the 21st of 2018, was to report to Turtlecreek Center and had provided notice that he intended to change his address to the Turtlecreek Center here in Warren County, State of Ohio.

However, the Defendant never reported to Turtlecreek Center, nor registered his address with the Warren County Sheriff's office.

A warrant was put out for his arrest short – in December later – I'm sorry, in January of 2019, was outstanding until he was arrested in Kentucky on – I'm sorry, earlier this year.

{¶17} The common pleas court then asked Burden if he admitted those facts as true. The following exchange then occurred.

THE DEFENDANT: I was arrested in Kentucky in 2019. Oh, I thought he said this year.

[DEFENSE COUNSEL]: No, no. I thought that's what he said. I've got it in here.

[THE STATE]: I'm sorry, what are you looking for?

[DEFENSE COUNSEL]: Just when he was arrested in –

THE COURT: When he –

[DEFENSE COUNSEL]: – Kentucky is what it says.

[THE STATE]: Yeah, I had his initial appearance as – listed as January the 25th of this year.

[DEFENSE COUNSEL]: Okay. The warrant was put out on 2/7/19.

{¶18} Continuing this exchange:

THE COURT: Did you serve time in Kentucky? Is that what – what happened?

THE DEFENDANT: I didn't serve time in Kentucky. I was – I was booked in Kentucky [on] December 17th, 2019.

- 7 -

THE COURT: Okay.

THE DEFENDANT: And I was sentenced in Kentucky on that same case January 21st, 202[0]. And I was picked up from Warren County January 22nd, 2021.[5]

THE COURT: Okay. But you'd been incarcerated – incarcerated in Kentucky for that year?

THE DEFENDANT: Yes.

THE COURT: Okay. That doesn't really change everything. That really makes no difference, as far as the case here.

{¶19} The common pleas court then asked Burden, irrespective of when he was arrested in Kentucky and when he was ultimately charged in Ohio, whether he had, in fact, failed to register his address with the Warren County Sheriff's Office as alleged by the state. To this, Burden stated, "Yes, sir." Burden then entered a guilty plea to failing to provide notice of change of his address, which the common pleas court accepted upon finding Burden's plea was knowingly, intelligently, and voluntarily entered. The common pleas court then moved to sentencing and sentenced Burden to the parties' agreed upon 30-month prison sentence, less 84 days of jail-time credit. Burden did not object to the common pleas court's jail-time credit calculation.[6]

{¶20} On June 25, 2021, Burden moved the common pleas court to recalculate its award of jail-time credit. To support this motion, Burden argued that he was entitled to "substantially more" days of jail-time credit than the 84 days the common pleas court had awarded to him at sentencing. More specifically, Burden argued that he was entitled to receive jail-time credit for the time he spent incarcerated in Kentucky on an "out-of-state

---

5. The transcript provides that Burden claimed he was sentenced on January 21, 2021 rather than January 21, 2020. However, taken in context, particularly in light of the common pleas court's response, it is clear that Burden actually said January 21, 2020 and not January 21, 2021.

6. Based on this court's calculations, 84 days prior to the common pleas court's April 15, 2021 joint change of plea and sentencing hearing equates to January 22, 2021.

fugitive warrant that was from the instant case" from November 18, 2019, the date of his arrest in Fayette County, Kentucky, "to the time of his extradition to Warren County," as well as "the local jail time credit that he has already been given." The state did not file any memorandum in opposition to Burden's motion.

{¶21} On July 27, 2021, the common pleas court issued a decision finding Burden was entitled to two days of jail-time credit more than what it had previously awarded to him at sentencing – 86 days of jail-time credit rather than 84 days.[7] In so holding, the common pleas court did not set forth any specific findings to support its decision, nor did the common pleas court make any references to the record explaining how it ultimately came to this decision. The common pleas court instead stated only the following:

> This matter is before the Court upon the Motion filed by counsel for the Defendant on June 25, 2021 to review the jail time credit of the Defendant. The Court finds that the Defendant is entitled to the following jail time credit:
>
> 01-20-21 – 04-15-21 = 86 days jail time credit
>
> TOTAL:      86 days
>
> The Court finds the Defendant is entitled to a total of **86** days of jail time credit as of . April 15, 2021

{¶22} On August 9, 2021, Burden filed a notice of appeal from the common pleas court's decision awarding him with 86 days of jail-time credit. In support of his appeal, Burden raises the following single assignment of error for review.

{¶23} THE TRIAL COURT ERRED WHEN IT CALCULATED JAIL TIME CREDIT.

{¶24} In support of his single assignment of error, Burden argues the common pleas court erred when it "miscalculated" the amount of jail-time credit he was entitled to receive

---

7. Based on this court's calculations, the common pleas court correctly determined that there are 86 days between January 20, 2021 and April 15, 2021, the date of the common pleas court's joint change of plea and sentencing hearing.

"by failing to include the time that he was arrested and incarcerated" in Kentucky "awaiting extradition" to Ohio. More specifically, Burden argues the common pleas court "erred when it failed to address and include jail time credit for the time [he] spent in Kentucky after his arrest solely upon the Ohio warrant on November 18, 2019, and while waiting to be extradited to Ohio on January 20, 2021." Therefore, according to Burden, the common pleas court erred by failing to award him with an additional 430 days of jail-time credit for the time he claims to have spent incarcerated in Kentucky awaiting his extradition to Ohio following his arrest in Fayette County, Kentucky on November 18, 2019.[8]

{¶25} "The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment by a prisoner who is unable to afford bail must be credited to the prisoner's sentence." *State v. Macko*, 12th Dist. Clermont No. CA2019-08-068, 2020-Ohio-3410, ¶ 14, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. "The duty to properly calculate the number of days to be credited lies solely with the trial court which imposes the actual sentence." *State v. Dobbins*, 12th Dist. Butler Nos. CA2019-04-061 thru CA2019-04-063, 2020-Ohio-726, ¶ 30. Once the number of days to be credited are calculated by the sentencing court, the number of days of jail-time credit must be "included within the sentence and entry." *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 4. "[A] trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's sentencing judgment amounts to plain error." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9. Plain error means an obvious defect in trial

---

8. We note that, in his reply brief, Burden argues the common pleas court erred by failing to award him with an additional 456 days of jail-time credit, "if not more." This is the same amount of days Burden claimed he was entitled to receive as jail-time credit at the preliminary hearing held before the common pleas court on March 25, 2021. However, contrary to Burden's claim, there are 430 days, not 456 days, between November 18, 2019, the date of Burden's arrest in Fayette County, Kentucky, and January 20, 2021, the date Burden claims he was extradited to Ohio in his initial appellate brief.

proceedings that affected the defendant's substantial rights. *State v. Holmes*, 12th Dist. Butler No. CA2017-08-115, 2018-Ohio-2086, ¶ 22.

{¶26} Pursuant R.C. 2967.191(A), the department of rehabilitation and correction must reduce the stated prison term of a prisoner "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced," including confinement in lieu of bail while the prisoner awaited trial. This means, "'the only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence.'" *State v. Brown*, 12th Dist. Butler No. CA2020-08-082, 2021-Ohio-997, ¶ 16, quoting *State v. Corpening*, 11th Dist. Ashtabula Nos. 2018-A-0094 and 2018-A-0095, 2019-Ohio-4833, ¶ 26. That is to say, "an offender is not entitled to jail-time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *State v. Fisher*, 12th Dist. Clermont No. CA2019-10-080, 2020-Ohio-3764, ¶ 19; *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, syllabus ("[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case"). "As such, a trial court does not give jail-time credit for time served on unrelated offenses, 'even if that time served runs concurrently during the pre-detention phase of another matter.'" *State v. Wilson*, 12th Dist. Butler No. CA2015-03-058, 2015-Ohio-4231, ¶ 17, quoting *State v. Haley*, 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 21.

{¶27} "The relevant inquiry in determining whether jail-time credit should be awarded is not whether the sentence in the present matter somehow affected the sentence in another matter." *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 39. The relevant inquiry is instead "whether the conviction and subsequent confinement, for which the defendant seeks credit, is factually related to the offense in the present matter." *Id.* This holds true even for the time the offender "spent serving a sentence pursuant to a

- 11 -

case from another jurisdiction, including the federal courts." *State ex rel. Carter v. Wilkinson*, 10th Dist. Franklin No. 03AP-737, 2004-Ohio-3386, ¶ 8, citing *State v. McWilliams*, 126 Ohio App.3d 398 (2d Dist.1998) (an offender was not entitled to jail-time credit for the time the offender served in Florida for violating Florida law); and *State ex rel. Gillen v. Ohio Adult Parole Auth.* 72 Ohio St.3d 381 (1995) (an Ohio parole violator was not entitled to jail-time credit for the time the offender served in New York on the Ohio parole violation and for violating New York law). "Thus, the trial court must carefully examine the record to determine how many days, if any, should be counted as jail-time credit." *State v. Mason*, 7th Dist. Columbiana No. 10 CO 20, 2011-Ohio-3167, ¶ 16.

{¶28} Based on a full and thorough review of the record, we find the record lacks sufficient information for this court to determine whether the common pleas court properly calculated the number of days Burden was entitled to receive as jail-time credit resulting from his conviction for failing to provide notice of his change of address under R.C. 2967.191(A)(1). That is to say, we are unable to conclusively determine based on the record properly before this court whether Burden was entitled to receive jail-time credit for any of the time he claims to have spent incarcerated in Kentucky awaiting his extradition to Ohio following his arrest in Fayette County, Kentucky on November 18, 2019. Therefore, given the nature of the record properly before this court, we find it necessary to reverse the common pleas court's decision awarding Burden with 86 days of jail-time credit and remand this matter to the common pleas court for further proceedings.

{¶29} Upon remand, the common pleas court shall make a factual determination of the total, aggregate number of days of jail-time credit Burden is entitled to receive in accordance with R.C. 2967.191(A)(1), i.e., a factual determination of the total number of days of jail-time credit Burden was confined for any reason arising out of the offense of failing to provide notice of his change of address. The common pleas court shall make this

decision based on the information already contained within the record, or, if the common pleas court deems it necessary, any additional testimony or documentary evidence submitted by the parties. Upon making this factual determination, the common pleas court shall then issue a written decision explaining how it arrived at its jail-time credit calculation, with proper citation to the record where possible, to allow this court to conduct a meaningful review of its award of jail-time credit should that decision again be appealed to this court.

{¶30} In so holding, we note that in order for this court to be able to conduct a meaningful review of the common pleas court's jail-time credit calculation, we must be able to discern the analysis underlying the common pleas court's decision. This we cannot do with the record as it currently stands. This is particularly true here when considering the common pleas court did not set forth any specific findings to support its decision awarding Burden with 86 days of jail-time credit within its July 27, 2021 decision, nor did the common pleas court make any references to the record explaining how it ultimately came to the decision that it did. Therefore, to the extent outlined above, Burden's single assignment of error is sustained and this matter is remanded to the common pleas court for further proceedings in accordance with this opinion.

{¶31} Judgment reversed and remanded for further proceedings.

M. POWELL, P.J., and BYRNE, J., concur.