[Cite as *State v. Harris*, 2024-Ohio-214.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0061 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM ARTHUR HARRIS, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00819 |

**O P I N I O N**

Decided: January 22, 2024
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*William A. Harris, Sr.*, pro se, PID# A774-368, Grafton Correctional Institution, 2500 Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, William Harris, appeals the trial court's denying his "Renewed Motion to Correct Jail-Time Credit Calculation." After a review of the record, we find that Appellant's assignment of error has merit. This case is remanded to the Trumbull County Court of Common Pleas to calculate the correct jail time credit to be afforded to Appellant.

{¶2} The facts and details surrounding Appellant's jail time served prior to his being sentenced are, at times, unclear from this record. However, the details that we can discern from the record are provided below.

**{¶3}** On September 21, 2019, Appellant was arrested, jailed, and charged in connection with, at least, four cases: 19CRA733, 19CRA752, 19CRB237 ("the Central District case"), and the case underlying this appeal, 19CR819. 19CRA733 and 19CRA752 were both bound over in the underlying case.

**{¶4}** The record reveals that Appellant plead guilty in the Central District case. On October 2, 2019, the court sentenced him in the Central District case to 30 days in jail, suspended.

**{¶5}** Appellant has provided us with a booking sheet from the Trumbull County Justice Center Sheriff's Office. It reveals that Appellant was released on bond in the underlying case on February 7, 2020. The docket reveals that "Sheriff Fees for Prisoner Transport" were filed on January 27, 2020 when Appellant was transferred to court for a pre-trial hearing. This indicates that Appellant was in jail at that time. On October 26, 2020, the court issued a capias warrant for Appellant's arrest after he failed to appear for arraignment on a charge of Aggravated Robbery in the underlying case. Appellant was arrested pursuant to that warrant on October 28, 2020. On November 2, 2020, Appellant entered a plea agreement, pled guilty to the charges, and the court sentenced him to prison.

**{¶6}** The court's judgment entry on sentence awarded Appellant 86 days of jail time credit from September 21, 2019 to December 9, 2019, and October 28, 2020 to November 2, 2020.

**{¶7}** Appellant has moved the trial court three times to correct his jail time credit calculation. He sought an additional 90 days of jail time credit. The court denied each motion.

2

**{¶8}** Appellant timely appeals the trial court's denying his most recent "Renewed Motion to Correct Jail-Time Credit Calculation." He raises one assignment of error:

**{¶9}** "The trial court erred as a matter of law by refusing to correct the erroneous jail time credit calculation * * *."

**{¶10}** R.C. 2929.19(B)(2)(g)(iii) states in pertinent part:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit] under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

**{¶11}** Thus, a trial court's denial of a motion to correct jail time credit is reviewed under an abuse of discretion standard. *State v. McClafferty*, 11th Dist. Geauga No. 2020-G-0238, 2020-Ohio-3238, ¶ 32.

**{¶12}** An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary (8th Ed.2004).

**{¶13}** Appellant seeks additional jail time credit for the time he served. He specifically contends that he should have been awarded jail time credit from September 21, 2019 to February 7, 2020 – not December 9, 2019. He also asserts that he should have been awarded credit from October 28, 2020 to November 17, 2020 – not November 2, 2020.

**{¶14}** A criminal defendant "challenging a trial court's finding of jail-time credit has the burden to show an error in the jail-time credit calculation." *State v. Thomas*, 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 9. Further, "'[i]f the appellant has failed to demonstrate

3

error and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled.'" *Id.*

{¶15} R.C. 2967.191(A) provides in relevant part:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶16} In other words, "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11.

{¶17} The Ohio Supreme Court has explained that a defendant held on bond is not entitled to jail time credit for presentence detention "if, during the same period of time, he is serving a sentence on an unrelated case[.]" *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 4. *See Struble* at ¶ 11 ("there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter").

{¶18} After a review of the record before us, we find that the trial court erred in awarding Appellant jail time credit until only December 9, 2019. Appellant's booking sheet from the Trumbull County Justice Center Sheriff's Office plainly states that he was released from jail in the underlying case on February 7, 2020, not December 9, 2019. We know that Appellant was in jail at least until January 27, 2020 because of the trial court's docket showing a filing of "Sheriff Fees for Prisoner Transport." Why was he in jail? We

4

know it was not on the Central District case because his sentence there was suspended on October 2, 2019. There is no other discernable reason for his detention other than the underlying case.

{¶19} Appellee has not provided us with any documentation to rebut this information. Appellant has fulfilled his burden to demonstrate that the trial court miscalculated his jail time credit. The trial court abused its discretion and Appellant is therefore entitled to jail time credit for the time served between December 9, 2019 and February 7, 2020.

{¶20} Appellee contends that Appellant "agreed" to jail time credit ending on December 9, 2019 because it was stated in his plea agreement. Appellee does not cite any law, nor do we find any, supporting the conclusion that a defendant can "stipulate" to a lesser amount of jail time credit.

{¶21} We do not find Appellee's argument persuasive. The Ohio Supreme Court has held: "R.C. 2929.01(FF)'s indication that a stated prison term 'includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison' is best understood as a simple acknowledgment that R.C. 2967.191 requires application of *all* due jail-time credit and that a stated prison sentence *must* be shortened by the amount of time spent in jail before entry into the state prison system." *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 15. (emphasis added). We also stress that "[t]he practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. "The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by

5

[a prisoner who is] unable to make bail because of indigency must be credited to his sentence." *Id.*

**{¶22}** Appellee's assertion that jail time credit can be "stipulated" to or "agreed" upon does not satisfy the Equal Protection Clause's requirement, neither does it fulfill a trial court's obligation to award credit for all days served in pre-sentence confinement.

**{¶23}** Appellant next argues that he should have been awarded credit from October 28, 2020 to November 17, 2020. There is nothing in the record showing that he served uncredited jail time from November 2, 2020 to November 17, 2020. The court sentenced Appellant on November 2, 2020. Any time served following that date was served in connection with his sentence. He has not demonstrated that he is entitled to additional jail time credit for the period between November 2, 2020 and November 17, 2020.

**{¶24}** Appellant's assignment of error has merit. He is entitled to additional jail time credit for, at least, the time period between December 9, 2019 and February 7, 2020.

**{¶25}** The judgment of the Trumbull County Court of Common Pleas is reversed and this case is remanded for the trial court to calculate the correct jail time credit to be afforded to Appellant.

MATT LYNCH, J.,

ROBERT J. PATTON, J.

concur.